UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MACFARLANES, LLP,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:13-cv-01519-MHH |
| } | |
| **CHARLES LANGE CLARK,** } | |
| } | |
| Defendant. } | |
| } | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

In this action, Macfarlanes, LLP, a London-based law firm, seeks to enforce a judgment that the firm obtained against Charles Lange Clark in London's High Court of Justice, Chancery Division. (Doc. 1, ¶ 5). Mr. Clark, an Alabama citizen, hired Macfarlanes to assist with legal matters concerning the estate of his deceased aunt because some of the assets of the estate were located in London. Mr. Clark contends that he was acting in his capacity as the administrator of his aunt's estate when he signed a retainer agreement with Macfarlanes. Nevertheless, Mcfarlanes obtained what amounts to a default judgment against Mr. Clark in his individual capacity because Clark did not defend himself in the litigation in London.

As a basis for enforcing the London judgment in this Court, Macfarlanes invokes Alabama's new Uniform Foreign-Country Money Judgments Recognition Act, Ala. Code § 6-9-250, et seq. ("FCMJA"). Alternatively, Macfarlanes contends that the Court should enforce the judgment on the basis of principles of comity. Mr. Clark asks the Court either to dismiss the action or to abstain from this action in deference to a state court probate proceeding concerning Mr. Clark's aunt's estate.

For the reasons discussed below, the Court denies Mr. Clark's motion to dismiss. The Court withholds a decision on the issue of abstention pending mediation.

## II. Factual and Procedural Background

### A. The Macfarlanes/Clark Relationship

On January 11, 2010, the Jefferson County Probate Court appointed Mr. Clark to serve as the administrator of the Alabama estate of his late aunt, Kathryn Lange. (Doc. 5, p. 1). Because Ms. Lange had significant real estate holdings in England and lived in London at the time of her death, Mr. Clark retained Macfarlanes to help him navigate parallel probate proceedings in London. (Doc. 1, ¶¶ 11, 12; Doc. 5, p. 1). On March 2, 2010, the Jefferson County Probate Court entered an "Order to Pay Expenses, Hire Counsel and Manage Real Property" that included the following provision:

> [T]he Administrator, Lange Clark is authorized to hire counsel in London, England to advise him of any and all rights, responsibilities and obligations of [Kathryn Lange's] estate. He may pay any and all cost to said counsel for managing the estate in London, England from the funds currently in the estate of Kathryn Marie Lange. Also, should any legal documentation be presented in the courts in England, the Administrator is advised to get legal counsel in England to question the validity of said documentation since it has been brought to the attention of this court that the deceased had numerous issues that could have diminished her capacity to make said will or legal documents. It is **FURTHER ORDERED** that the Administrator is authorized, within reason, to pay any and all expenses for the burial of the deceased, [and] legal fees for the estate in both Birmingham and London. . . .

(Doc. 5-1, pp. 4–5; Order to Pay Expenses, Hire Counsel, and Manage Real Property, Case No. 206962, filed March 2, 2010).[1]

After Mr. Clark contacted Macfarlanes, the firm sent Mr. Clark an engagement letter. (Doc. 1, ¶ 13). The letter states:

> We have identified you as our client for professional purposes and we will only address our bills to you.
>
> [B]ased on our current limited knowledge, we would envisage that our fees for [working on the matter of Kathryn Lange's estate in England] will be in the region of £40,000 to £70,000 plus any VAT and expenses. It is at this early stage impossible to provide an estimate of the eventual costs if this matter were to proceed to a full trial.

---

[1] In this opinion, the Court takes judicial notice of portions of the record in *The Matter of Kathryn Lange*, Case No. 206962 in the Probate Court of Jefferson County, Alabama. Fed. R. Evid. 201. The Court has reviewed: Order on Indemnification and Exoneration, dated November 3, 2013; Order on Declaratory Relief, filed on October 21, 2013; Opposition to Motion for Declaratory Relief, filed on October 15, 2013; Petition for Final Settlement of Decedent's Estate, filed on July 24, 2013; and Order to Pay Expenses, Hire Counsel, and Manage Real Property, filed on March 2, 2010.

3

>However, we will write to you separately once the scope of the work required becomes clear. . . .
>
>Our services are provided to you solely and exclusively by Macfarlanes LLP.

(Doc. 10-3, pp. 11). The letter references "Terms of Business" which Mr. Clark acknowledges that he received. (Doc. 9, p. 3). The Terms of Business include the following provision:

>3.6 You will remain responsible for our costs and expenses and we will bill you even if there is an agreement with a third party to pay them on your behalf.

(Doc. 10-3, p. 19). Sometime after Macfarlanes began working on the estate issues, Mr. Clark returned a copy of the engagement letter to Macfarlanes. Mr. Clark signed the letter as follows: "Lange Clark, Administrator of the estate of Kathryn M. Lange." (Doc. 5-1, p. 29).

Macfarlanes billed Mr. Clark for the fees, costs, and expenses associated with the work that the firm performed for the Alabama estate in London. (Doc. 5, ¶ 14). Mr. Clark paid invoices totaling $46,000. (Doc. 5, p. 3). He stopped paying Macfarlanes in October of 2010, primarily because the legal fees exceeded Macfarlanes's original estimates. (Doc. 5, p. 3).[2] Clark terminated his relationship

---

[2] At this stage of the litigation, the Court views the record in the light most favorable to Mr. Clark.

4

with Macfarlanes in December 2010.  That same month, Macfarlanes sent him a final invoice for $138,913.70.  Mr. Clark did not pay the invoice.  (Doc. 1, ¶ 15).

### B. The English Judgment

On February 3, 2012, Macfarlanes filed a claim against Mr. Clark personally in the High Court of Justice, Queen's Bench Division, in London to recover unpaid legal fees, expenses, and interest.  (Doc. 1, ¶ 16).  Mr. Clark was served with a copy of that claim personally at his place of business in Alabama on March 2, 2012.  (*Id.* ¶¶ 16–17).  On May 17, 2012, Clark, with new counsel, appeared in the collection proceeding.  (*Id.* ¶ 18).[3]  Eventually, the English Court granted the application of Clark's new counsel to withdraw as solicitors of record because they had "had not received further instructions from their client."  (Doc. 1, ¶ 20).  Mr. Clark did not respond to orders from the English Court or to correspondence from Macfarlanes regarding the proceeding.  (*Id.*).  In short, Mr. Clark did not participate.

After Mr. Clark failed to respond to an "unless order" from the High Court of Justice, Chancery Division issued, the English court found that Mr. Clark had

---

[3] The parties dispute the nature of Mr. Clark's appearance in the London collection proceeding. Macfarlanes asserts that "Clark, through K.A. Arnold & Co. as his solicitors, appeared in the English Collection Proceeding and interposed his defense to Macfarlanes' claim.  Clark's defense did not include any objection to or contest of the jurisdiction of the English Court." (Doc. 1, ¶ 18).  According to Mr. Clark, "[t]he Administrator filed a response to the complaint, stating among other things, that . . . he had retained Macfarlanes only in his capacity as Administrator," (Doc. 5-1, ¶ 13), which Mr. Clark contends was an argument that the English Court did not have jurisdiction over him personally, only in his capacity as Administrator.  (Doc. 5, pp. 11–12).

submitted himself to the jurisdiction of England and Wales and entered judgment against Mr. Clark for £126,611.21. (Doc. 1, ¶ 23). On April 2, 2013, Macfarlanes notified Clark of the judgment by letter and e-mail and demanded payment. (*Id.*) Mr. Clark has not satisfied the judgment. (*Id.*). Mr. Clark did not appeal the decision of the High Court of Justice. (Doc. 1, ¶ 24).

### C. Litigation in the Jefferson County Probate Court

While Macfarlanes worked on behalf of the Lange estate in England, and as Macfarlanes has attempted to collect the English judgment against Mr. Clark, litigation over the Lange estate continued in the Jefferson County probate court. The probate administration remains open. Much of Ms. Lange's assets in both Alabama and England have been distributed or sold. (*See* Petition for Final Settlement of Decedent's estate, Case No. 206962, filed July 24, 2013). Mr. Clark filed a motion in the Probate Court of Jefferson County, Alabama on August 27, 2013, in which he sought a declaration that the English judgment could not be enforced against him in his individual capacity because he was acting as an agent of the estate when he engaged Macfarlanes. Macfarlanes opposed the motion and argued that the Probate Court did not have jurisdiction over Macfarlanes. (Opposition to Motion for Declaratory Relief, Case No. 206962, filed on October 15, 2013). On October 21, 2013, the Probate Court issued an "Order on

Declaratory Relief." (Order on Declaratory Relief, Case No. 206962, filed October 21, 2013). The Order provides that:

> No limitations were placed upon the Executor's discretion to hire counsel or others to assist in the marshaling of the assets. It is therefore, ORDERED . . . that the Motion for Declaratory relief, as to the approval of the actions thus far by the Executor, Lange Clark, is hereby granted; however, the court makes no attempt to issue a judgment against Macfarlane[s] LLP.

(Probate Court, Case No. 206962, "Order on Declaratory Relief," filed October 21, 2013). On November 3, 2013, the Probate Court entered another order, stating that:

> the Motion for Indemnification is hereby granted and the estate of Kathryn M. Lange shall indemnify Charles Lange Clark for any and all costs incurred in defending an action against him filed by the English law firm Macfarlanes, LLP and/or any potential judgment by Macfarlanes, LLP and Charles Lange Clark is exonerated for any personal liability entered into on behalf of the estate.

(Order on Indemnification and Exoneration, Case No. 206962, filed November 3, 2013).

### D. Litigation in this Court

In its complaint in this action, Macfarlanes seeks enforcement of the English judgment against Mr. Clark under Alabama Uniform Foreign-Country Money Judgments Recognition Act or under principles of comity. (Doc. 1). Mr. Clark filed a motion to dismiss Macfarlanes's complaint. (Doc. 5). Macfarlanes opposes

the motion to dismiss. (Doc. 7). This opinion resolves Mr. Clark's motion to dismiss.

## III. Discussion

### A. 12(b)(1) Subject Matter Jurisdiction

This Court may exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 1). Macfarlanes is a limited liability partnership organized under the laws of England, and Mr. Clark is a citizen of Alabama. (Doc. 1, ¶¶ 2, 3; Doc. 45). The parties are diverse. 28 U.S.C. § 1332 (a)(2). The amount-in-controversy requirement is met because Macfarlanes seeks to recover more than $75,000. (Doc. 1, ¶ 1; Doc. 1, ¶ 5 (explaining that the London judgment is for £126,611.21)). Thus, based on the allegations on the face of the complaint, the Court has subject matter jurisdiction.

### B. Dismissal under Rules 12(b)(2), (b)(3), (b)(6) and (b)(7)

Whether framed as a challenge to subject matter jurisdiction, personal jurisdiction or venue or as a motion to dismiss for failure to state a claim or join an indispensible party, all of Mr. Clark's arguments revolve around his contention that (1) he retained Macfarlanes in his capacity as the executor of his aunt's estate in Alabama, (2) the estate must pay Macfarlanes's fees, and (3) Macfarlanes may

proceed against him in his capacity as administrator and against the estate only in probate court.[4]  Mr. Clark's argument is not persuasive.

This is an action to enforce a judgment that Macfarlanes obtained against Mr. Clark in his individual capacity.  Although the judgment relates to fees that Macfarlanes billed for services that it provided to Mr. Clark in relation to Mr. Clark's aunt's estate, the judgment is against Mr. Clark alone.  While the Lange estate ultimately may have to bear the expense of a judgment in this case if Macfarlanes prevails, that is a matter between Mr. Clark and the estate.  The estate and Mr. Clark may resolve the issue of reimbursement in the probate court.  The estate is not an indispensible party, and this action does not belong in probate court simply because Mr. Clark may seek indemnity from the estate if he loses in this litigation.

Therefore, the Court denies Mr. Clark's motions to dismiss under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7).  It is well-settled that federal

---

[4] Mr. Clark contends that the Court lacks subject matter jurisdiction over this case under Rule 12(b)(1) and personal jurisdiction over him under Rule 12(b)(2). (Doc. 5, pp. 4, 11).  He also seeks dismissal for improper venue.  (*Id.*, p. 13).  Alternatively, Mr. Clark argues that the Court should dismiss the case under principles of comity.  He asserts that the proceeding in the Alabama probate court is the proper forum for Macfarlanes's claim. (Doc. 5, p. 8). Additionally, Mr. Clark argues that Macfarlanes cannot sue him individually for actions that he undertook in his capacity as administrator of an estate, that Alabama Code § 43-2-130 requires that actions against administrators be brought only in state probate court, and that even if Macfarlanes could sue him individually, the estate would be an indispensible party, and the estate cannot be joined in this action, so the Court must dismiss this action under Rule 12(b)(7). (Doc. 5, pp. 11–13; Doc. 36, pp. 9-12).  He also argues that the Court should abstain from exercising jurisdiction over this action because a related action is pending in an Alabama probate court.  (Doc. 5, pp. 8–9).

courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U. S. 800, 817-18 (1976) (citing *England v. Louisiana State Bd. of Med. Examr's*, 375 U.S. 411, 415 (1964); *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1131 (11th Cir. 2013) (same) (quoting *Colorado River*). While Mr. Clark correctly asserts that the Jefferson County probate court retains jurisdiction to enforce its orders, that fact does not divest this Court of its diversity jurisdiction in an action against Mr. Clark in his individual capacity when, as here, the requirements of § 1332 are met.

### C. *Colorado River* Abstention

Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," exceptional circumstances sometimes enable a court to abstain from the exercise of jurisdiction. In *Colorado River*, the United States Supreme Court identified certain factors that, when present, enable a district court to abstain from the exercise of jurisdiction for purposes of "wise judicial administration." 424 U.S. at 817; *see also Kaplan v. Kaplan*, 524 Fed. Appx. 547 (11th Cir. 2013). In this instance, the Court finds that the wisest course is mediation. Therefore, before the Court conducts a *Colorado River* analysis and rules on Mr. Clark's argument that the Court should abstain in deference to the

pending proceeding in the Jefferson County Probate Court, the Court orders the parties to engage in mediation.

## IV. Conclusion

For the reasons discussed above, the Court denies Mr. Clark's motions to dismiss. The Clerk is directed to please TERM Docs. 5, 36, and 43. On or before January 9, 2015, the parties shall select a mediator. The parties shall mediate their dispute on or before January 30, 2015. At the conclusion of the mediation, the mediator shall file a report that states whether or not the mediation was successful.

**DONE** and **ORDERED** this December 24, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE